**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| JIMMY L. HAYES, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| VS. | * | CASE NO. 4:05-CV-122 (CDL) |
| | * | 42 U.S.C. § 1983 |
| DR. AINA, DR. AJIBADE, BROWN | * | |
| KEYES, and MARY HARRIS, | * | |
| | * | |
| Defendants. | * | |

**REPORT & RECOMMENDATION**

Before the court is Defendants, Dr. Aina, Dr. Ajibade, Brown Keyes and Mary Harris', Motion to Dismiss, filed on February 10, 2006. Plaintiff filed a Response to the Motion to Dismiss on February 23, 2006.

**LEGAL STANDARDS**

For a motion to dismiss to be granted, a plaintiff's complaint, which must factually be accepted as true, must evidence that there is no set of facts entitling him to relief. *Executive 100, Inc. v. Martin County*, 922 F.2d 1536, 1539 (11th Cir. 1991); *see also Luckey v. Harris*, 860 F.2d 1012, 1016-17 (11th Cir. 1988) and *Jackam v. Hospital Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986). In such a situation, Rule 12(b)(6) of the *Federal Rules of Civil Procedure* authorizes a court to dismiss a complaint on the basis of a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319, 326, 109 S. Ct. 1827, 1832, 104 L. Ed. 2d 338 (1989). If, as a matter of law, it is clear that no relief could be granted under any facts that could be proved consistent with the allegations, a claim must be dismissed, regardless

of whether it is based on an outlandish legal theory or on a close but unavailing one. *Id*. Rule 12(b)(6) does not allow for dismissals based solely on the court's disbelief of a plaintiff's factual allegations. *Id*. *See also Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed.2d 59 (1984) and *Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99, 101-02, 2 L. Ed.2d 80 (1957).

### DISCUSSION

In his complaint, the Plaintiff alleges that the Defendants were deliberately indifferent to his medical needs wherein they failed to provide him with a specific prescription drug which would treat his Hepatitis-C. (R-1, p. 2) He seeks relief in the form of an injunction to force the Defendants to provide him with the medication. Plaintiff also seeks $600,000 in compensatory damages and $800,000 in punitive damages. *Id.* at 17.

In *Estelle v. Gamble*, the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain/ . . . proscribed by the Eighth Amendment." 429 U.S. 97, 104-105, 97 S.Ct. 285, 291, 50 L. Ed. 2d 251, (1976) rehearing denied 429 U.S. 1066, 97 S. Ct. 798, 50 L. Ed. 2d 785 (1977). To establish that this Defendant was deliberately indifferent to his serious medical needs Plaintiff would be required to show: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999).

In this case, Plaintiff alleges that he contracted Hepatitis C while an inmate at Scott State Prison. (R-6, p. 5). He contends that he was provided medication for the disease but that it was discontinued after he experienced problems with the medication. *Id.* He states that

he then began to have liver problems which caused him to develop cirrhosis of the liver. *Id.* Plaintiff asserts that, at some point, an "agent" with the American Diabetes Association provided him information "pertaining to what medications could cure his cirrhosis of liver injury." *Id.* Plaintiff asserts that the information provided showed that a medication called "pegylated interferon" would cure his liver impairment. He alleges that he then asked the medical staff at Rutledge State Prison, where he had since been transferred, to prescribe him the pegylated interferon but was told by Defendant Aina that he "did not need the medication and it was too expensive." *Id.*

As was stated, *supra*, to establish deliberate indifference, Plaintiff must present evidence that he possessed a serious medical need. If a serious need is demonstrated, Plaintiff must then establish that a prison official acted with deliberate indifference to a serious medical need, by showing that the defendant had subjective knowledge of a risk of serious harm; that the defendant disregarded the risk; and that his conduct was more than mere negligence. *Brown v. Johnson,* 387 F.3d 1344, 1351 (11th Cir.2004).

The Defendants in this case contend that the Plaintiff was not treated with deliberate indifference. They cite a United States Supreme Court holding, *Farmer v. Brennan*, which held that "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities" to support their position. (R-11, p. 6). *See, Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1977 (1994). Based on the holding in *Farmmer*, the Defendants contend that the Plaintiff is unable to show that their failure to prescribe pegylated interferon resulted in the denial of the minimal civilized measure of life's necessities. *Id.* The Defendants further contend that the Plaintiff was never denied medical

care, but that, after receiving medical care for his impairments, he disagreed with the medication which was prescribed by the Defendant Doctors. *Id.* However, in his Brief in Support of Plaintiff's Motion to Strike Defendants' Motion to Dismiss, the Plaintiff alleges that he "not only ask[ed] for the pegylated interferon (common name), peg-intron (the medical pharmacy name) but also ask[ed] for treatment and medicine, no matter what medication it would have took to cure his virus and liver injury." (R-13, p. 2). Thus, the Plaintiff alleges that he has not received treatment for his Hepatitis-C or his cirrhosis of the liver, both of which are serious medical needs.

A review of the pleadings in this case reveals that Plaintiff has established that he had a serious medical need. The Defendants, at this point, have failed to provide evidence which would contradict the Plaintiff's allegations that they disregarded a serious risk to Plaintiff's health by failing to prescribe him medication which would heal his "injuries." Plaintiff's pleadings, which must factually be accepted as true, evidence that there are facts which may entitle him to the relief he seeks. Therefore, a Motion to Dismiss was not the proper venue which would entitle the Defendants to a dismissal of the case.

WHEREFORE, IT IS RECOMMENDED, for the foregoing reasons, that Defendants' Motion to Dismiss be DENIED. Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the United States District Judge, WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO ORDERED AND RECOMMENDED**, this 19th day of April 2006.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

sWe