# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| JIMMY L. HAYES, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO. 4:05-CV-122 (CDL) |
| | * | 42 U.S.C. § 1983 |
| DR. AINA, DR. AJIBADE, BROWN | * | |
| KEYES, and MARY HARRIS, | * | |
| | * | |
| Defendants. | * | |

## **REPORT & RECOMMENDATION**

Before the court is Defendants, Dr. Aina, Dr. Ajibade, Brown Keyes and Mary Harris', Motion for Summary Judgment, filed on September 22, 2006. Plaintiff was given an opportunity, and an extension of time to file a response, but none has been filed. Defendants' Motion is now ripe for review.

## **LEGAL STANDARD**

Rule 56 of the Federal Rules of Civil Procedure dealing with motions for summary judgment provides in part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed. R. .Civ. P. 56 (c); Warrior Tombigee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir.

1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc., Inc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913 (11th Cir. 1993). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). Summary judgment is appropriate when the

nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Tidmore Oil Co. v. BP Oil Co./Gulf Prods. Div., a Div. of BP Oil Co.*, 932 F.2d 1384. 1387-88 (11th Cir.1991), cert. denied, 502 U.S. 925, 112 S.Ct. 339, 116 L.Ed.2d 279 (1991). Motions for summary judgment are normally decided based on the pleadings, and the discovery of record, together with any affidavits submitted by the parties, in deciding whether summary judgment is appropriate under Rule 56. The party upon whom a Motion for Summary Judgment has been filed has the right to file affidavits or other material in opposition to a summary judgment motion. If he fails or refuses to file any affidavits or other materials in opposition to the Motion for Summary Judgment, a Final Judgment may be rendered against him if otherwise appropriate under law. Specifically, Federal Rule of Civil Procedure 56(e) provides, that:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. **When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for**

**trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party**. (emphasis added).

## DISCUSSION

In his complaint, the Plaintiff alleges that the Defendants were deliberately indifferent to his medical needs wherein they failed to provide him with a specific prescription drug which, he claimed, would better treat his Hepatitis-C. (R-1, p. 2) He seeks relief in the form of an injunction to force the Defendants to provide him with the medication. Plaintiff also seeks $600,000 in compensatory damages and $800,000 in punitive damages. *Id.* at 17.

In *Estelle v. Gamble*, the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain/ . . . proscribed by the Eighth Amendment." 429 U.S. 97, 104-105, 97 S.Ct. 285, 291, 50 L. Ed. 2d 251, (1976) rehearing denied 429 U.S. 1066, 97 S. Ct. 798, 50 L. Ed. 2d 785 (1977). To establish that the Defendants were deliberately indifferent to his serious medical needs Plaintiff would be required to show: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999).

In this case, Plaintiff alleges that he contracted Hepatitis C while an inmate at Scott State Prison. (R-6, p. 5). He contends that he was provided medication for the disease but that it was discontinued after he experienced problems with the medication. *Id.* He states that he then began to have liver problems which caused him to develop cirrhosis of the liver. *Id.* Plaintiff asserts that, at some point, an "agent" with the American Diabetes Association

4

provided him information "pertaining to what medications could cure his cirrhosis of liver injury." *Id.* Plaintiff asserts that the information provided showed that a medication called "pegylated interferon" would cure his liver impairment. He alleges that he then asked the medical staff at Rutledge State Prison, where he had been transferred at the time, to prescribe him the pegylated interferon but was told by Defendant Aina that he "did not need the medication and it was too expensive." *Id.*

As was stated, *supra*, to establish deliberate indifference, Plaintiff must present evidence that he possessed a serious medical need. If a serious need is demonstrated, Plaintiff must then establish that a prison official acted with deliberate indifference to a serious medical need, by showing that the defendant had subjective knowledge of a risk of serious harm; that the defendant disregarded the risk; and that his conduct was more than mere negligence. *Brown v. Johnson,* 387 F.3d 1344, 1351 (11th Cir.2004).

The Defendants in this case contend that the Plaintiff was not treated with deliberate indifference. *Farmer v. Brennan*, a United States Supreme Court decision, held that "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities" to support their position. (R-11, p. 6). *See, Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1977 (1994). The Defendants contend that the Plaintiff is unable to show that their failure to prescribe pegylated interferon resulted in the denial of the minimal civilized measure of life's necessities. *Id.* The Defendants further contend that the Plaintiff was never denied medical care, but that, after receiving medical care for his impairments, he disagreed with the medication which was prescribed by the Defendant Doctors. *Id.*

In order to survive summary judgment, Plaintiff must provide evidence that his medical need was serious. The United States Court of Appeals for the Eleventh Circuit has held that the seriousness of a prisoner's medical needs could be evaluated by reference to the effect of delay in treatment.

> Where the delay results in an inmate's suffering a life-long handicap or permanent loss, the medical need is considered serious. An inmate who complains that delay in medical treatment rose to a constitutional violation **must place verifying medical evidence in the record** to establish the detrimental effect of delay in medical treatment to succeed."

*Hill v. DeKalb Regional Youth Detention Center*, 40 F.3d 1176, 1188 (11th Cir. 1994) (emphasis added). In this case, the Defendants have filed exhibits with the court, wherein Defendant Aina attests that although Plaintiff possesses Hepatitis-C, a serious disease, at the time, Plaintiff's liver showed normal architecture, was not palpable or enlarged, nor was his skin jaundiced. (R-24-8, paragraph 12). In response to said evidence, Plaintiff has completely failed to place verifying medical evidence in the record to establish the seriousness of his disease or the detrimental effect of delay in medical treatment.

The second part of the *Estelle* test, requires a plaintiff to prove "deliberate indifference" on the part of the Defendants. The standard of "deliberate indifference" separates constitutional claims that are compensable under §1983 from tort claims. In *Farmer v. Brennan*, the Supreme Court held that deliberate indifference should be evaluated from a subjective standpoint -- what the defendant prison official actually knew.

> [A] prison official cannot be found liable under the Eighth

> Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. This approach comports best with the text of the Amendment as our cases have interpreted it. The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. The common law reflects such concerns when it imposes tort liability on a purely objective basis. But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment

*Farmer* at 837-38. The United States Court of Appeals for the Eleventh Circuit interpreted the subjective test in *Farmer*, as requiring summary judgment to be granted for the defendant prison official unless the plaintiff presents evidence, albeit circumstantial, of the official's subjective knowledge. *Campbell v. Sikes*, 169 F.3d 1353, 1364 (11th Cir. 1999) (quoting *Steele v. Shah*, 87 F.3d 1266, 1269 (11th Cir.1996)).

A review of the medical records submitted by the Defendants, along with the sworn affidavits of the Defendants, fails to reveal any deliberate indifference to the Plaintiff's Hepatitis-C. As the Defendants point out, Plaintiff does not deny that he received treatment for his disease, but merely claims that he should have received different treatment. (R- 24-3, p. 7). Furthermore, and un-rebutted by Plaintiff, is Defendant Aina's attestation that the medication sought by Plaintiff was unavailable at the time he was treated, nor was it indicated for patients who had previously been treated with Interferon. (R- 24-8, paragraphs

7

8, 10). As such, Plaintiff has failed to show that the actions of the Defendants constituted deliberate indifference to his medical needs. Therefore, it appears that the Defendants have met their initial burden of showing that no genuine issue of material fact remains for determination by the trier of fact. As such, the burden shifts to the Plaintiff to rebut that presumption. Having failed to provide the court with any evidence to refute the Defendant's claims, it appears that Plaintiff has failed to establish that any issues of fact remain to be determined.

Defendants have also moved the court for judgment as a matter of law where they contend that they are entitled to qualified immunity. Qualified immunity protects government officials performing discretionary functions and from liability if their conduct violates no clearly established right of which a reasonable person would have known. V*inyard v. Wilson,* 311 F.3d 1340, 1346 (11th Cir.2002) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). In sum, qualified immunity is a guarantee of fair warning. *McElligott v. Foley*, 182 F.3d 1248 (11th Cir.). The Eleventh Circuit Court of Appeals has held that "The qualified immunity inquiry involves three steps: (1) the alleged conduct must fall within the scope of the discretionary authority of the actor; (2) if it does, we must then determine whether that conduct violates a constitutional right; (3) if so, we must inquire whether the asserted right was clearly established at the time of the alleged violation." *Tinker v. Beasley*, 429 F.3d 1324 (11th Cir. 2005); *citing*, *Vinyard v. Wilson,* 311 F.3d 1340, 1346 (11th Cir.2002).

The Supreme Court has held that in a case in which the Plaintiff alleges a violation

of his constitutional rights, the two requirements of this defense must be analyzed in the appropriate succession. *Suacier v. Katz*, 121 S.Ct. 2151, 2155 (2001). The first question is whether "[T]aken in the light most favorable to the party asserting the injury, do the facts show that the officer's conduct violated a constitutional right?" *Saucier* at 2156; *Seigert v. Gilley*, 500 U.S. 226, 232 (1991). On the facts of the case, should they be established, if it is possible that a jury could find that a constitutional deprivation had occurred, the Court must then decide whether the right violated was clearly established at the time of the alleged wrongful acts. *Id.* at 2156. "The contours of the right must be sufficiently clear that a reasonable official would understand that he was doing violates that right." *Id.*

First, as noted above, in order to be entitled to summary judgment on grounds of qualified immunity, the Defendants must have been engaged in a discretionary function. *Hollman v. Harland,* 370 F.3d 1252, 1263-64 (11th Cir.2004). A discretionary function is one that includes actions that "are of a type that fell within the employee's job responsibilities." *Hollman,* 370 F.3d at 1265. In making the determination, the test is whether the government employee was (1) performing a legitimate job-related function (2) through means that were within his or her power to put to use. *Hill v. Dekalb Reg'l Youth Det. Ctr.,* 40 F.3d 1176, 1185 n. 17 (11th Cir.1994). In this case, the Defendants are found to have been acting within the scope of their employment in the prescribing of medication and treating of patients at the Rutledge State Prison.

It must then be determined whether the acts in question constituted a violation of the Plaintiff's rights. Specifically, the question is did the failure of the Defendants to provide

9

Plaintiff with the specific medication he sought amount to a constitutional violation. The Defendants contend that Plaintiff was treated for his Hepatitis-C. A review of the exhibits as filed by the Defendants fail to show any evidence that Plaintiff's medical needs required the specific medication he requested. Furthermore, Plaintiff has completely failed to place verifying medical evidence in the record to establish that there was any detrimental effect in failing to prescribe the pegylated interferon as he claims. As such, no constitutional violation can be found to have occurred. It is, therefore, unnecessary to proceed to the third step in the inquiry.

Plaintiff has also filed two pre-trial motions, a Motion for Jury Trial and a Motion for a Pre-Trial Conference. (R-15, 18). Having recommended that Defendants' Motion for Summary Judgment be Granted, it is also recommended that Plaintiff's outstanding Motions for Jury Trial and Pre-Trial Conference be DENIED as moot.

## CONCLUSION

To preclude summary judgment once the Defendants have provided evidence failing to show that any issues of fact remain, the Plaintiff must establish by going beyond the pleadings that there are still genuine issues of material fact to be resolved by a fact-finder. *See, Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). As stated above, genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. Federal Rule of Civil Procedure 56 provides that affidavits, among other discovery evidence, will be used in determining whether any issues of fact remain which should be submitted to the trier of fact for final determination. Having submitted sworn statements,

the Defendants, as the moving parties, have met their burden of proof. That is, they have demonstrated to the court the basis for each of their motions which they believe show that there is an absence of any genuine issue of material fact. In response, when the burden of proving that the Defendants were not entitled to a judgment as a matter of law shifted to the Plaintiff, he failed to respond. The evidence was examined by this court in a light more favorable to the Plaintiff, as is required by the holding in *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992). Therefore, it is recommended that Defendants' Motions for Summary Judgment be granted as Plaintiff has failed to provide evidence to show that any material fact upon which relief may be granted still exists.

**ACCORDINGLY**, because it appears that Defendants are entitled to judgment as a matter of law, **IT IS THE RECOMMENDATION** of the United States Magistrate Judge that the Defendants' Motions for Summary Judgment filed on their behalf be **GRANTED** as to all Claims. Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may serve and file written objections to this **RECOMMENDATION** with the United States District Judge, WITHIN TEN (10) DAYS after being served with a copy thereof.

**SO RECOMMENDED**, this 9th Day of January, 2007.

S/ G. MALLON FAIRCLOTH
eSw     UNITED STATES MAGISTRATE JUDGE